Mr. Justice McWilliams
delivered the opinion of the Court.
This writ of error concerns a decision of the Public Utilities Commission and the parties to the controversy are as follows; (1) Dean Resler, operating as Resler Truck Service and hereinafter referred to as Resler, who was the owner of private carrier permit No. A-587 & I; (2) the Curnow Transportation Co., Inc., hereinafter referred to as Curnow, which was the owner of common carrier certificate of public convenience and necessity No. 49 & I; (3) North Eastern Motor Freight, Inc., and *376 Red Ball Motor Freight, Inc., hereinafter called the intervenors; and (4) the Public Utilities Commission of the State of Colorado, hereinafter referred to as the Commission.
The Commission issued a show cause order to Resler and Curnow, directing them to show cause, if such they could, why various private carrier permits and certificates of public convenience and necessity previously issued them should not be canceled and revoked. In connection with the aforesaid order to show cause, the Commission eventually held an extended hearing, with the intervenors being permitted to intervene and participate in the proceeding. Thereafter, in its decision No. 69045, the Commission canceled and revoked permit No. A-587 & I and certificate No. 49 & I, and we are now concerned with this particular permit and certificate only. Resler and Curnow next sought judicial review of this administrative order and the trial court, after a review of the record theretofore made before the Commission, entered judgment approving and affirming the decision of the Commission. By writ of error Resler and Curnow now seek reversal of the judgment thus entered.
As the basis for its order of cancellation, the Commission found that Resler was violating a restriction in permit No. A-587 & I that he have only one office for the operation and solicitation of business, with such office to be in Haxtun, Colorado. More specifically, as concerns this particular permit, the Commission found that Resler was not maintaining an office in Haxtun, and was maintaining offices in Denver and Sterling which generated and developed business carried under permit No. A-587 & I.
As relates to Curnow, the Commission found that Curnow was violating a similar restriction in its certificate No. 49 & I. That particular restriction precluded Curnow from having an office at any location other than Idaho Springs, Colorado. In connection with this restric *377 tion, the Commission determined that Curnow did not maintain an office in Idaho Springs and did maintain an office in Denver which was used to generate and develop business carried under certificate No. 49 & I. As indicated, it was on this basis that the Commission canceled and revoked the aforesaid permit and certificate.
Our review of the record convinces us that there is ample evidence to support the findings and conclusions of the Commission and such being the case, they are not subject to review by the courts. The instant case is in certain respects quite similar to P.U.C. v. Watson, 138 Colo. 108, 330 P.2d 138.
The argument advanced by Resler that he was actually maintaining an office in the rear-end of a filling station in Haxtun is unavailing for two reasons. First, the evidence on this point was in dispute and the Commission has now resolved this issue adversely to Resler. Second, the true basis for the order of cancellation was that Resler was maintaining an office which generated business for permit No. A-587 & I in locations other than Haxtun, namely Denver and Sterling. In like fashion, Cumow’s argument that under its certificate it was not required to have an office in Idaho Springs misses the point. The restriction in Curnow’s certificate No. 49 & I forbade it from having an office in any location other than Idaho Springs, and the Commission determined that Curnow had violated that particular restriction. As indicated, the record supports the Commission’s findings and its decision must be affirmed.
Resler and Curnow also argue that the Commission erroneously permitted the intervenors to intervene and that for this reason its decision should now be overturned. This argument is unavailing for two reasons. First, the record indicates that Resler and Cur-now consented to the intervention. Second, under the circumstances, it is difficult to see just how the intervention, even if erroneously allowed, could have resulted *378 in prejudicial error. See P.U.C. v. Tucker, 167 Colo. 130, 445 P.2d 901.
Finally, there is the suggestion that cancellation of the permit and certificate is too draconian a penalty. Such is not our view of the matter. Neither Resler nor Curnow is a so-called “first” offender. In 1963 Curnow was ordered by the Commission to cease and desist from operating its authority from an office in Denver. And in 1961 Resler was held to be in contempt of an order of court requiring him to refrain from maintaining offices under permit No. A-587 & I in Denver and Sterling or at any location other than Haxtun. And this judgment of contempt was thereafter upheld by us on review. Resler v. North Eastern Motor Freight, Inc., 154 Colo. 52, 388 P.2d 255.
The judgment is therefore affirmed.